UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE A. CHAPMAN,

      Plaintiff,

v.                                                                      CASE NO.: 8:05-CV-1060-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.
_____/

## **ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks review of the Commissioner's decision denying his claims for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").[1] Plaintiff argues that the Administrative Law Judge ("ALJ") made several errors: failing to fully and adequately perform the sequential evaluation process; failing to fully and adequately consider the Plaintiff's mental impairments; relying on the Grids guidelines without vocational testimony; and failing to fully and adequately weigh the substantial evidence in this matter.[2] After reviewing the record, I find that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (c). *See* doc. 11.

[2] Plaintiff initially claimed that the ALJ failed to adequately consider whether the Plaintiff met the necessary criteria for a step three finding of disability, but he did not develop that argument in his memorandum. Therefore, it is not addressed here.

*Background*

Plaintiff, 45 years old at the time of his administrative hearing, has a twelfth grade education and work experience as a roofer. He alleges he became disabled on September 6, 2001, due to chronic pain, musculoskeletal problems of the back, neck, and knees, depression, and impaired mentation.[3] He first filed for disability benefits on December 13, 2001. After an administrative hearing, the ALJ issued a decision denying benefits. Plaintiff unsuccessfully sought review before the Appeals Council and then filed this appeal. The case is now ripe for review.

*Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine,

---

[3] The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Order. (R. 13-16).

in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*Discussion*

1.   *Whether the ALJ failed to fully and adequately perform the sequential evaluation process.*

Plaintiff argues that the ALJ failed to articulate whether the ALJ considered Plaintiff's impairments to be severe as required by step two of the sequential evaluation process. At step two of the sequential evaluation process, the ALJ's duty is to determine whether the claimant has a severe impairment or combination of impairments that significantly limit his ability to perform work-related functions. 20 C.F.R. § 404.1520(b) and 416.920(b). This is a "threshold" inquiry and allows only claims based on the most trivial impairments to be rejected. *McDaniel*, 800 F.2d 1026, 1031 (11th Cir. 1986). An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the claimant's ability to work, irrespective of age, education, or work experience. *Id.*; *see* 20 C.F.R. §§ 404.1520, 416.920.

As required at the second step of the evaluation, the ALJ opined that "[t]he claimant has an impairment or combination of impairments considered 'severe,' " but he did not specify those impairments he found to be severe. R. 19. However, it can be assumed that he found all of Plaintiff's impairments to be severe, because he proceeded to evaluate Plaintiff's mental and musculoskeletal impairments under step three of the sequential evaluation. R. 16. Had he determined that the impairments were not severe, he would not have gone forward and considered the impairments under step three.

Additionally, Plaintiff has not demonstrated how he was prejudiced in this regard. The ALJ provided a detailed recitation and analysis of Plaintiff's medical history and disability status. Any failure to specifically state which impairments the ALJ found to be severe was harmless. Without a showing of prejudice for failing to delineate which impairments the ALJ found to be severe, remand is not warranted.

> 2. *Whether the ALJ failed to consider the non-exertional impairments of Plaintiff's depression.*

Plaintiff contends that the ALJ failed to consider the non-exertional impairments of his depression. However, the ALJ's decision demonstrates that he did consider the non-exertional impairments of Plaintiff's depression, but simply determined that these non-exertional limitations did not prevent Plaintiff from working. For instance, the ALJ noted that the evidence did not reflect "marked limitations in ability to perform daily activities, social function or in concentration, persistence or pace." R. 16. Therefore, the ALJ opined that Plaintiff's mental health status resulted "in no more than a mild restriction in the performance of daily activities ... and a moderate restriction in maintaining concentration." These findings are based on competent substantial evidence.

Dr. Carpenter, a psychologist, suspected that Plaintiff was over-reporting his symptoms. R. 143. He noted that Plaintiff's thought processes were logical, he had no evidence of any psychotic symptomology, and any "work related difficulties seem to be related to his back problems." R. 143. Plaintiff was also evaluated by Dr. Bursten, who opined that Plaintiff suffers from depressive symptoms and recommended outpatient mental health treatment. He also noted that Plaintiff was "logical, goal directed, and 'reality based.' " R. 227. Finally, Dr. Rahman saw Plaintiff on three occasions and he noted that Plaintiff was depressed and had impaired judgment. R. 273-275. While the psychologists noted that Plaintiff suffers from depression, none of them opined that Plaintiff's mental health status affected his ability to work.

Furthermore, it does not appear that Plaintiff followed through with Dr. Bursten's recommendation to seek outpatient mental treatment. Ordinarily, a claimant's refusal to follow or noncompliance with prescribed medical treatment without a good reason precludes a finding of

disability. *Ellison v. Barnhart,* 355 F.3d 1272, 1275 (11th Cir. 2003); *Dawkins v. Bowen,* 848 F.2d 1211, 1213 (11th Cir. 1988). Were Plaintiff's depression so incapacitating, it is reasonable to assume that he would be under care for the condition. Plaintiff does not offer a good reason for his decision to not seek mental health treatment. Therefore, I find the ALJ adequately considered the severity of Plaintiff's mental health impairments.

    *3.     Whether the ALJ erred in relying on the Grids without vocational testimony.*

Plaintiff argues that it was inappropriate for the ALJ to rely on the Grids, because the ALJ determined that Plaintiff had moderate restrictions in maintaining concentration and performing daily activities. Defendant argues that the ALJ properly relied on the Grids in determining that Plaintiff could perform a significant amount of jobs in the national economy at the light level.

If a claimant has non-exertional impairments that preclude him from performing a full range of work at a given residual functional level or significantly limits his basic work activities, exclusive reliance on the Grids is inappropriate. Instead, the ALJ must seek a vocational expert to establish if the claimant can perform work which exists in the national economy. *Foote v. Chater,* 67 F.3d 1553, 1558-1560 (11th Cir. 1995).

In this case, the ALJ's use of the Grids and decision to not elicit VE testimony was premised on his specific findings that Plaintiff's mental impairments only caused moderate limitations on his ability to work and that Plaintiff had no manipulative non-exertional limitations. R. 17, 18. These findings amount to a specific finding that Plaintiff's non-exertional limitations did not preclude a wide range of light work. Substantial evidence supports the ALJ's findings.

    *4.     Whether the ALJ erred in failing to fully and adequately develop the record.*

6

Plaintiff contends that the ALJ should have ordered a consultative examination to evaluate Plaintiff's borderline intellectual capacity. Specifically, Plaintiff argues that the ALJ should have ordered an IQ test. The ALJ has a basic obligation to develop a full and fair record, without regard for whether the applicant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735-736 (11th Cir. 1981); *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). The ALJ may order a consultative examination in order to fully develop the record, but the ALJ is not required to do so unless the examination is necessary in order to make a decision. 20 C.F.R. § 404.1527; *Ford v. Sec. of Health & Human Servs.*, 659 F.2d 66, 69 (5th Cir. 1981)(Unit B). Where there is no diagnosis of neurosis or psychosis and there is substantial evidence to support the ALJ's decision, the ALJ is not required to order a consultative psychiatric evaluation. *Murray v. Heckler*, 737 F.2d 934 (11th Cir. 1984) (finding that a consultative examination was not required where a single medical report described claimant as anxious and claimant never received treatment for mental problems).

Dr. Burnsten did assess Plaintiff's IQ and determined that it fell within the upper end of the Borderline range. Therefore, it was unnecessary for the ALJ to order a consultative examination for an IQ test, as one had already been performed. Neither Dr. Burnsten, nor any of the other mental health doctors who examined Plaintiff, opined that Plaintiff's intellectual capacity impacted his ability to work.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 13th day of September, 2006.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:   Counsel of Record